**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMIE M. CRAIN**,

    Plaintiff,

vs.                                                                                          **Case No: 8-05-CV-2164-T-30EAJ**

**GENTIVA CARE CENTRIX, INC.,**

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Before the court is Plaintiff's Affidavit of Indigency, filed on November 25, 2005. (Dkt. 2). The court has construed this filing as a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This matter has been referred to the undersigned by the district court for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c), M.D. Fla.

**A.  Factual Background**

    Plaintiff filed her complaint pro se on November 25, 2005, alleging discrimination by her former employer, Defendant Gentiva Care Centrix, Inc. ("Gentiva"). (Dkt. 1). Plaintiff's complaint consists of a two-page handwritten statement and a three-part attachment. In her complaint, Plaintiff asserts that she was first advised to file this "appeal" at "the main courthouse off of Twiggs Street," but once there, courthouse staff directed her to file at 801 North Florida Avenue. Plaintiff states that the "appeal" she is filing is over the 30 day time period and she requests an extended time to file based on the misinformation she was given and the Thanksgiving holiday. Plaintiff states that she feels that her former employer Gentiva discriminated against her and refers the court to the materials

attached to the complaint.[1]

The first portion of the attachment to the complaint is a letter from Plaintiff to the "District Court of Appeals" regarding "UAC Order No. 05-07432." The attachment also contains a "Notice of Order" from the Florida Unemployment Appeals Commission and "Order of Unemployment Appeals Commission No. 05-07432." The "Notice of Order" states that the order of the Unemployment Appeals Commission will become final "unless appealed to a District Court of Appeal within 30 calendar days of the date the order was filed."

In the first portion of the attachment to her complaint, Plaintiff's letter to the District Court of Appeals, Plaintiff outlines the factual basis for her claim. Plaintiff states that she was a temporary employee for Gentiva for several periods during 2002-2004. Plaintiff asserts that she became a permanent full-time employee of Gentiva on April 5, 2004. Plaintiff claims that on or about April 7, 2005, she took leave under the Family Medical Leave Act due to complications during pregnancy. Plaintiff states that her supervisor informed her that if she did not return to work on July 1, 2005, he would have to terminate her employment. Plaintiff maintains that personnel in Gentiva's Human Resources department told Plaintiff she would be eligible for unemployment benefits upon being let go.

---

[1]The factual portion of Plaintiff's complaint states:
I was employed by the above Appellee. In my situation I feel there has been discrimination as well as dishonesty on the employer's behalf. I have enclosed an Attachment A, which I am asking the judge to please review carefully. After filing an appeal to unemployment I had a hearing where the employer was very dishonest and made many false statements saying that I voluntarily quit my job which is completely untrue. Please, I plead you review the [illegible] that a big corporation should not be able to get away with this action of discrimination and dishonesty. So again I plead to please review my attachment with consideration as to what has occurred with this employer. I thank you for your time and truely [sic] hope that what I have said in my attachment will be considered. Thank you again.

Plaintiff contends that she filed a claim for unemployment benefits, but this claim was denied due to employee "misconduct" because Plaintiff did not return to work from her scheduled leave of absence. Plaintiff states that she appealed this finding, and at a hearing on September 1, 2005, Plaintiff's former supervisor incorrectly testified that Plaintiff had voluntarily quit her job. Plaintiff states that she was unprepared to address this at the hearing, had an anxiety attack, and did not confront her supervisor at the hearing. After the hearing, Plaintiff's claim for unemployment was again denied. Plaintiff asserts that she appealed this decision but was not allowed to introduce new evidence upon appeal. At the conclusion of her letter, Plaintiff asks the court to review the denial of her unemployment benefits because she has been treated unfairly and does not think it is "morally right for a Manager/Supervisor of a large corporation to be dishonest and get away with this action of discrimination and dishonesty."

### B. Legal Standards

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted); see also Battle v. Central State Hospital, 898 F.2d 126, 127 (11th Cir. 1990). A litigant need not be "absolutely destitute" to qualify for indigent status under § 1915. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citing Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976)). A trial court has wide discretion in determining whether to grant or deny a motion to proceed in forma pauperis. Id. at 1306.

In order to succeed on a motion to proceed in forma pauperis, a plaintiff must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts. See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991) (citing 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir. 1962)). A frivolous claim is one that lacks an arguable basis either in law or in fact. Neitzke, 490 U.S. at 325. "Factual allegations are frivolous when they are 'clearly baseless'; legal theories are frivolous when they are 'indisputably meritless.'" Battle, 898 F.2d at 129, quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990); see also Nietzke, 490 U.S. at 327 (judges have authority under § 1915 to dismiss as frivolous a claim based on an indisputably meritless legal theory). The undersigned will first evaluate whether Plaintiff's claims are frivolous.

**C. Discussion**

The court could construe Plaintiff's complaint and accompanying materials as potentially asserting several claims. First, Plaintiff clearly wishes the court to review the State of Florida Unemployment Appeals Commission's order denying Plaintiff unemployment benefits. Second, Plaintiff states several times that she has been a victim of discrimination at the hands of her former employer, Gentiva. Third, Plaintiff mentions that she took leave under the Family Medical Leave Act and was terminated when she did not return to work upon the expiration of her 12-week leave period.

However, each of these claims is considered "frivolous" in legal terms because each lacks an arguable basis in law or fact. First, the federal district court is not the appropriate legal forum for appealing a state agency's denial of unemployment benefits. The "Notice of Order" from the Unemployment Appeals Commission directs Plaintiff to file any appeal with a "District Court of

4

Appeal," a division of the Florida state court system. Likewise, Plaintiff's letter attachment refers to her Unemployment Appeals Commission Order number and is addressed to the District Court of Appeals. All of the statements and references in Plaintiff's complaint indicate that Plaintiff intended to file an appeal of the Unemployment Appeals Commission's decision with a Florida District Court of Appeals. It is unfortunate that Plaintiff may have been given incorrect instructions on the procedure or location for filing such an appeal, however that circumstance simply does not enlarge the federal court's jurisdiction to review Plaintiff's denial of unemployment benefits. The legal theory underlying review of Plaintiff's claim for unemployment benefits in this court is indisputably meritless.

    Second, Plaintiff's complaint could be construed as stating a claim for employment discrimination in violation of 42 U.S.C. § 2000e-2. Plaintiff states that one of her former co-workers, an African-American woman, was also terminated by Gentiva when she did not return to work after taking 12 weeks of leave under the Family Medical Leave Act ("FMLA"). Plaintiff states that this individual "is now collecting unemployment with no problem." (Dkt. 1, Attachment at unnumbered 4). Plaintiff states that she feels this is racial discrimination. While this is a claim over which the federal court would have jurisdiction, the claim lacks an arguable basis in law. According to Plaintiff's allegations, Plaintiff was terminated by Gentiva when she did not return to work after taking 12 weeks of FLMA leave. Plaintiff alleges that her African-American co-worker was also terminated by Gentiva when she did not return to work after taking 12 weeks of FLMA leave. Because Plaintiff's allegations show that her employer treated individuals the same regardless of their race, Plaintiff does not have an arguable basis in law or fact for an employment discrimination claim.

Finally, Plaintiff states in the materials attached to her complaint that she took leave under the Family Medical Leave Act and was terminated when she did not return to work upon the expiration of her 12-week leave period. Plaintiff does not allege that Gentiva improperly denied her leave mandated by the FMLA, or that any violation of the FMLA occurred. Neither does Plaintiff allege facts that give rise to a claim under the FMLA. Although such a claim could potentially be construed because Plaintiff mentions the FMLA, such a claim would also be frivolous as it lacks any arguable basis in law or in fact.

Upon consideration of the forgoing, the undersigned recommends that Plaintiff's motion to proceed in forma pauperis be denied as frivolous because Plaintiff's claims are based on indisputably meritless legal theory. In addition, Plaintiff's complaint should be dismissed under the in forma pauperis statute, 28 U.S.C. § 1915(e)(2), as failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). See Neitzke, 490 U.S. at 324 (dismissals under § 1915 are often made sua sponte before issuance of process to spare prospective defendants the inconvenience and expense of answering such complaints).[2]

Accordingly and upon consideration, it is **RECOMMENDED** that:

1) Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) be **DENIED**; and

---

[2] If, however, upon review the district should find that Plaintiff does assert a claim that has an arguable basis in law or in fact, the undersigned recommends that Plaintiff be found indigent for purposes of § 1915. Plaintiff has been unemployed since July 1, 2005. Plaintiff's spouse is self-employed and earns between $350 and $400 weekly. Plaintiff has 7-month old twins, for whom she receives Medicaid and WIC benefits. Plaintiff currently lives with her family in her brother's home, for which she and her husband contribute $800 a month in rent and pay a portion of the household bills. Plaintiff owns a 2001 Toyota Avalon, and makes monthly car payments of $425. Plaintiff states that she has $100 in savings. Plaintiff has thus shown the requisite financial inability to pay.

2)      Plaintiff's complaint be dismissed under 28 U.S.C. § 1915(e)(2).


**DATE:  December 16,  2005.**

                                             _____
                                             ELIZABETH A JENKINS
                                             United States Magistrate Judge


NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).


Copies to:
Pro se Plaintiff
District Court Judge

7